1

**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Susan Graham Lovelace, State Bar No. 160913
   Email: Lovelace@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Tel: (626) 449-1882 | Fax: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND,<br><br>           Plaintiffs,<br><br>    v.<br><br>KINETIC SAWING & CORING, INC., a California corporation,<br><br>        Defendant. | CASE NO.:  5:19-cv-689<br><br>**COMPLAINT FOR:**<br><br>1.   **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]**<br><br>2.   **BREACH OF WRITTEN SETTLEMENT AGREEMENT** |

1

1337656

Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund, complain and allege:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. §1132(f)].

2.     This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3.     Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4.     To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

///

**COMPLAINT**

## PARTIES

5.     Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust (collectively "Trustees"), are the trustees of four express trusts (collectively "Trusts") created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada.  The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].  All of the Trusts referenced above are administered by the Trustees in Los Angeles County.  Plaintiffs, as Trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].  Plaintiff, Engineers Contract Compliance Committee Fund, was established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness.  Plaintiff, Southern California Partnership for Jobs Fund, is an industry-wide advancement fund established by the employers and Local 12.  All plaintiffs are collectively referred to herein as the "Plaintiffs."

6.     At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

7.     Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant, Kinetic Sawing & Coring, Inc. ("Kinetic"), was and is a California corporation with its principal place of business in Riverside, California.

1337656

**COMPLAINT**

## EXECUTION OF BARGAINING AGREEMENT
## AND STATUS OF PARTIES

8.    On or about December 1, 2016, Kinetic executed and delivered a written collective bargaining agreement (the "Agreement") to Local 12, whereby Kinetic agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing collective bargaining agreements between various multiemployer associations and Local 12.  In particular, Kinetic agreed to be bound by the written Master Labor Agreement ("Master Agreement") in effect between Local 12 and the Southern California Contractors Association, Inc. ("Association").   On or about December 1, 2016, Kinetic also signed written acknowledgments and acceptances of each of the Trust Agreements.

9.    At all times since at least December 1, 2016, the Master Agreement has been an effective written collective bargaining agreement between the Association and Local 12.   At all times relevant herein, Kinetic was obligated to the terms and provisions of the Agreement, Master Agreement, and related Trust Agreements.

10.   Kinetic is an "*employer*," as that term is understood in the Master Agreement and related Trust Agreements.

11.   Kinetic is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Kinetic is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Kinetic is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

///
///
///

4

**COMPLAINT**

1337656

# FIRST CLAIM FOR RELIEF

## Breach of Written Collective Bargaining Agreement and

## Violation of § 515 of ERISA [29 U.S.C. § 1145]

12.     Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 11 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

13.     Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

14.     Kinetic is an *"employer"* as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

15.     By the terms and provisions of the Agreement, Master Agreement, and related Trust Agreements, and at all times material herein:

        a.     Kinetic agreed to prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs in a timely manner showing the identity of its employees performing work covered by the Master Agreement, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees.  At all times material herein, Kinetic has been obligated to submit monthly reports and pay fringe benefit contributions to Plaintiffs at their place of business in Pasadena, California, on or before the 10th day of each successive month;

///

///

///

5

1337656

b.     Kinetic agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and related Trust Agreements; and

c.     Kinetic agreed to pay Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees.  These amounts are due and payable at the Trusts' administrative offices in Pasadena, California.

16.     Kinetic signed and submitted signed Monthly Reports to Plaintiffs reflecting work performed by its employees during the months of February 2018 through May 2018.  Kinetic violated the Agreement, Master Agreement, and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145], to timely pay fringe benefit contributions to the Trusts pursuant to the Master Agreement and related Trust Agreements for that work.  Based on Kinetic's Monthly Reports submitted to Plaintiffs for the months of February 2018 through May 2018, Kinetic admitted to owing the Plaintiffs fringe benefit contributions totaling at least $32,413.85.   A portion of these amounts have been paid pursuant to the settlement agreement discussed in the second claim for relief, leaving a balance owed of at least $18,841.05 (which sum includes fringe benefit contributions, liquidated damages, and interest).

17.     Plaintiffs are informed and believe, and based thereon allege, that Kinetic has failed to pay certain additional amounts of fringe benefit contributions not presently known to Plaintiffs.  These additional amounts will be established by proof at the trial herein.

18.     Kinetic is "*delinquent*," as that term is used in the Master Agreement and related Trust Agreements.

19.     Plaintiffs are informed and believe, and based thereon allege, that there is no legal excuse for Kinetic's breach of its obligations under the Master Agreement

6

**COMPLAINT**

and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

20.  Kinetic has failed to timely pay contributions and other amounts owed to Plaintiffs, accruing since February 2018.  Pursuant to the Master Agreement, Kinetic agreed that in the event Kinetic failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of the Agreement, Master Agreement, and related Trust Agreements, Kinetic would be considered delinquent with the Trusts and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

21.  Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

22.  Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Kinetic owed Plaintiffs at least $3,241.40 for liquidated damages, plus additional amounts currently unknown to Plaintiffs that will be established by proof.

23.  Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Kinetic owes Plaintiffs interest at the rates established pursuant to 26 U.S.C. § 6621 from the respective due dates on

COMPLAINT

1337656

all unpaid fringe benefit contributions and other amounts due.  The exact amount of interest owed by Kinetic to Plaintiffs will be established by proof.

24.    By the Agreement, Master Agreement, and related Trust Agreements, Kinetic agreed to pay Plaintiffs all legal and auditing costs in connection with the collection of any delinquency, whether incurred before or after litigation is, or was, commenced.  Plaintiffs may incur auditing costs, and they are entitled to payment of such sums as part of their judgment.  These amounts will be established by proof.

25.    It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith pursuant to the Agreement, Master Agreement, Trust Agreements, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)].  The exact amount of the legal fees due and payable has not been ascertained at this time.  These amounts shall be established by proof.

26.    Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate.  As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

a.    Order Kinetic to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

b.    Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

c.    Order Kinetic to pay Plaintiffs all amounts due to the Trusts, including, but not limited to, all unpaid contributions, benefits, withholdings, damages, legal fees, audit costs and other expenses and damages incurred.

## SECOND CLAIM FOR RELIEF

### *Breach of Written Settlement Agreement*

27.    Plaintiffs hereby incorporate paragraphs 1 through 26 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

8

1337656

28.     On July 16, 2018, Kinetic and Plaintiffs entered into a written settlement agreement ("Settlement Agreement") to resolve their dispute over Kinetic's failure to pay Plaintiffs fringe benefit contributions, liquidated damages, and interest based on Monthly Reports submitted by Kinetic to Plaintiffs for the work months of February 2018 through May 2018.  A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "A,"** the terms and provisions of which are incorporated herein as though set forth in full.

29.     Pursuant to the Settlement Agreement, Kinetic admitted owing Plaintiffs the principal amount of $36,135.04 based on Monthly Reports submitted by Kinetic to Plaintiffs for the months of February 2018 through May 2018, and agreed to pay Plaintiffs the principal amount of $36,135.04, plus interest on the declining balance of that total sum at the rate of eight percent (8%) per annum from July 15, 2018, until the balance is paid in full.  Plaintiffs and Kinetic agreed that this sum would be paid in monthly installments of $3,143.33 each month, until all principal and interest due under the Settlement Agreement is paid in full.  The Settlement Agreement also requires Kinetic to timely report and pay fringe benefit contributions and related amounts to Plaintiffs pursuant to the Master Agreement and related Trust Agreements. Kinetic agreed that if it defaulted under the Settlement Agreement by failing to timely pay the monthly installments, and/or failing to adhere to Kinetic's monthly contribution obligations under the Master Agreement, then the principal amount of $36,135.04, plus 8% interest accruing from July 15, 2018, less all payments made under Settlement Agreement, would become immediately due and owing, and Plaintiffs would have the immediate right to take all necessary action to collect any and all amounts due, including attorneys' fees and costs.

30.     Kinetic breached the Settlement Agreement by failing to pay its monthly installments due February 15, 2019, and March 15, 2019.  Plaintiffs provided written notice to Kinetic of its breach of the Settlement Agreement.  Kinetic failed to timely cure the breach, resulting in its default under the Settlement Agreement.  As of the

9

date of this complaint, at least $18,841.05 remains due and owing to Plaintiffs under the Settlement Agreement, after crediting any and all payments received.  In addition to additional accrued interest, Plaintiffs' are entitled to their reasonable attorneys' fees and costs pursuant to paragraph 11 of the Settlement Agreement.

31.    Plaintiffs are informed and believe, and thereon allege, that there is no pending unsatisfied condition subsequent or legal excuse for Kinetic's failure to comply with the terms of the Settlement Agreement.

## **PRAYER**

WHEREFORE, as to all Claims for Relief, Plaintiffs pray for judgment against Kinetic as follows:

1.    For the balance due under the Settlement Agreement in the amount of at least $18,841.05, plus additional amounts as proved;

2.    For interest as provided by the Settlement Agreement in amounts as proved;

3.    For unpaid fringe benefit contributions in amounts as proved;

4.    For liquidated damages in amounts as proved;

5.    For interest pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], and section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621, or at the legal rate, in amounts as proved;

6.    For auditing costs incurred, in amounts as proved;

7.    For reasonable attorneys' fees and costs of suit incurred, in amounts as proved;

8.    For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved; and

///

///

///

1337656

**COMPLAINT**

9.    For such additional relief as this Court deems just and proper.

DATED:  April 16, 2019          LAQUER, URBAN, CLIFFORD & HODGE LLP

                                By:   /s/ - *Susan Graham Lovelace*
                                      Susan Graham Lovelace, Counsel for Plaintiffs

**WAIVER OF JURY RIGHT**

DATED:  April 16, 2019          LAQUER, URBAN, CLIFFORD & HODGE LLP

                                By:   *Susan Graham Lovelace*
                                      Susan Graham Lovelace, Counsel for Plaintiffs

11

**COMPLAINT**

1337656